IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Regina Ann Heywood, | ) | |
| | ) | C/A No. 6:15-1430-TMC |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | **ORDER** |
| Carolyn W. Colvin, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

On August 4, 2016, Plaintiff Regina Ann Heywood filed a motion for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, on the basis that she was the prevailing party and the position taken by the Commissioner in this action was not substantially justified.  (ECF No. 25).  On August 22, 2016, the parties filed notice that the petition was withdrawn and that a stipulation for an award of attorney's fees and expenses pursuant to the EAJA had been entered.  (ECF No. 26).

Under the EAJA, a court shall award attorney's fees to a prevailing party[1] in certain civil actions against the United States, unless it finds that the government's position was substantially justified or that special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A). The district courts have discretion to determine a reasonable fee award and whether that award should be made in excess of the statutory cap.  *Pierce v. Underwood,* 487 U.S. 552 (1988); *May v. Sullivan*, 936 F.2d 176, 177 (4th Cir. 1991).

The district courts also have broad discretion to set the attorney fee amount. In determining the fee award, "[e]xorbitant, unfounded, or procedurally defective fee applications .

---

[1] A party who wins a remand pursuant to sentence four of the Social Security Act, 42 U.S.C. § 405(g), is a prevailing party for EAJA purposes. *See Shalala v. Schaefer*, 509 U.S. 292, 300–302 (1993).  The remand in this case was made pursuant to sentence four.

1

. . are matters that the district court can recognize and discount." *Hyatt v. North Carolina Dep't of Human Res.*, 315 F.3d 239, 254 (4th Cir. 2002) (citing *Comm'r v. Jean*, 496 U.S. 154, 163 (1990)).   Additionally, the court should not only consider the "position taken by the United States in the civil action," but also the "action or failure to act by the agency upon which the civil action is based." 28 U.S.C. § 2412(d)(2)(D), as amended by P.L. 99-80, § 2(c)(2)(B).

The parties have entered into a stipulation allowing for the payment of attorneys' fees in the amount of $4,200.00 and $16.00 for expenses, for a total award of $4,216.00.  (ECF No. 26 at 1).  Despite the fact that the parties have executed a stipulation allowing for the payment of attorneys' fees, the court is obligated under the EAJA to determine if the fee is proper. *See Design & Prod., Inc. v. United States*, 21 Cl.Ct. 145, 152 (1990) (holding that under the EAJA, "it is the court's responsibility to independently assess the appropriateness and measure of attorney's fees to be awarded in a particular case, whether or not an amount is offered as representing the agreement of the parties in the form of a proposed stipulation.").  Applying the above standard to the facts of this case, the court concludes that the Commissioner's position was not substantially justified.  Furthermore, after a thorough review of the record, the court finds the stipulated fee request is appropriate.  Accordingly,  the  court  orders  that  Plaintiff  be  awarded $4,200.00 in attorney fees and $16.00 for expenses, for a total award of $4,216.00.[2]

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

August 25, 2016
Anderson, South Carolina

---

[2]The court notes that the fees must be paid to Plaintiff. *See Astrue v. Ratliff*, 560 U.S. 586 (2010) (June 14, 2010) (holding that the plain text of the EAJA requires that attorney's fees be awarded to the litigant, thus subjecting EAJA fees to offset of any pre-existing federal debts); *see also Stephens v. Astrue*, 565 F.3d 131, 139 (4th Cir. 2009) (same).